NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

v.

STEVEN PAUL DANIELS, SR.,
*Appellant*.

No. 1 CA-CR 21-0532
FILED 1-26-2023

Appeal from the Superior Court in Coconino County
No. S0300CR201800841
The Honorable Ted Stuart Reed, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Randall M. Howe and Judge D. Steven Williams joined.

---

**W E I N Z W E I G**, Judge:

¶1          Steve Paul Daniels, Sr. appeals his conviction and sentence for child molestation. We received a brief from Daniels' counsel in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that she diligently searched the record and found no arguable, non-frivolous question of law. Daniels had the opportunity to file a supplemental brief but did not. Counsel asks this Court to search the record for fundamental error. After reviewing the record, we affirm Daniels' conviction and sentence.

**FACTS AND PROCEDURAL BACKGROUND**

¶2          At an overnight sleepover in 2015, Daniels followed the victim into the bathroom and touched her vagina over her pajamas. The victim was seven or eight years old. Daniels was 50 years old. She told Daniels to stop but he continued. The victim reported the sexual touching to her grandmother that night, and again reported the incident to her foster mother in January 2017. Her foster mother reported Daniels to DCS, and an investigation and forensic interview followed. Daniels denied the claim.

¶3          Daniels was charged with one count of molestation of a child, a class 2 felony, and the jury found him guilty. The superior court found two aggravating factors, including that Daniels caused extreme emotional harm to the victim, and that Daniels had been convicted of one predicate felony within 10 years of the offense. In mitigation, the court found that Daniels was employed before being taken into custody and had demonstrated some family and community support. The court sentenced Daniels to the presumptive term of 17 years imprisonment. He received 307 days of presentence incarceration credit.

¶4          Daniels timely appealed. We have jurisdiction. *See* Ariz. Const., art. 6, § 9; A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

**¶5**      We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

**¶6**      Daniels was present and represented by counsel at all stages of the proceedings against him. The record reflects that the superior court afforded Daniels all his constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings. The evidence presented at trial and summarized above was sufficient to support the jury's verdict. Daniels' sentence falls within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

**¶7**      We affirm Daniels' conviction and sentence. Defense counsel must inform Daniels of the outcome of this appeal and his future options. Defense counsel's representation of Daniels will then come to an end, unless counsel finds an appropriate basis to petition the Arizona Supreme Court for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Daniels has 30 days from the date of this decision to proceed, if he wishes, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA